DONALD R. REYNOLDS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reynolds v. Commissioner
Docket No. 686-81.
United States Tax Court
T.C. Memo 1981-364; 1981 Tax Ct. Memo LEXIS 379; 42 T.C.M. (CCH) 395; T.C.M. (RIA) 81364; July 14, 1981
Donald R. Reynolds, pro se. John F. Dean and Robert T. Hollohan, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for failure to state a claim upon which relief can be granted. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*381 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted filed herein on March 4, 1981, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on October 29, 1980, determined deficiencies in petitioner's Federal income taxes and additions to the tax for the taxable calendar years 1973, 1976, 1977, and 1978 as follows: Additions to Tax, 1954 Code [3]
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1973
$ 1,566.54
$ 97.51
$ 78.33
1976
1,259.74
197.14
62.99
1977
1,585.00
396.25
79.25
1978
2,079.00
519.75
103.95
The adjustments to income as determined by respondent are for wages received by petitioner in 1973, 1976, 1977, and 1978 in the respective amounts of $ 10,179.12, $ 9,663.37, $ 11,608.00, and $ 13,575.12, none of which *382 was reported on Forms 1040 which petitioner filed with the Internal Revenue Service for those years. Petitioner resided at 2434 Fleet Street, Baltimore, Maryland, on the date he filed his petition herein. As best we can determine from this record, it appears that he filed a Form 1040 for each of the years at issue with the Internal Revenue Service. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with respect to the Commissioner's determinations, and no justiciable facts in support of such error are extant therein. Rather, petitioner consumes his entire petition raising, in the main, a plethora of constitutional arguments. [4]
*383 Despite petitioner's protestations to the contrary, the United States Tax Court, as established under the Tax Reform Act of 1969, sections 941-962, Pub.L. 91-172, 83 Stat. 487, 726-736, is an Article I or "legislative" court. The exercise by it of the jurisdiction conferred upon it by that Act, and prior law, does not violate Article III of the Constitution of the United States.Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971); sections 7441 and 7442. Section 61(a) defines gross income to mean "all income from whatever source derived, including * * * compensation for services, * * *." Furthermore, federal reserve notes constitute legal tender--money--which must be reported on a taxpayer's return in accordance with his method of accounting. Gajewski v. Commissioner, 67 T.C. 181 (1976), affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978). [5] Here, during the years involved, petitioner received compensation for services (wages) from his employer. Those wages were gross income, and respondent properly included petitioner's share thereof in his notice of deficiency. Gajewski v. Commissioner, supra at 198. *384 Moreover, we strongly suspect that petitioner has, in fact, used that income (money) when he purchased his groceries or paid for his other necessities of life. See Hatfield v. Commissioner, 68 T.C. 895, 898 (1977). Since petitioner received gross income in the years before the Court far in excess of $ 750, he was required to file Federal income tax returns for those years. Section 6012. The Forms 1040 submitted by petitioner to the Internal Revenue Service, which contained no information relating to petitioner's income from which the tax can be computed, were not valid returns *385 within the intendment of section 6012. United States v. Porth, 426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). [6]
The law is well settled that the requirement that taxpayers file Federal income tax returns in accordance with the provisions of the Internal Revenue Code and respondent's regulations does not violate a taxpayer's priviledge against *386 self incrimination under the Fifth Amendment. Moreover, petitioner was not being investigated criminally for the years in dispute, and there is absolutely no indication in this record that any such investigation is likely. Under the circumstances herein extant, petitioner's Fifth Amendment argument is totally without merit. See Wilkinson v. Commissioner, 71 T.C. 633 (1979); Roberts v. Commissioner, 62 T.C. 834 (1974); Figueiredo v. Commissioner, 54 T.C. 1508 (1970). [7]
Petitioner's request that we grant him immunity is spurious since jurisdiction to take such action is vested exclusively in the U.S. District Courts, and then only upon application of a U.S. Attorney. See 18 U.S.C. sections 6001 et seq. (1970). Similarly, we have no jurisdiction to order the institution of a civil action for declaratory judgment or otherwise by respondent in a district court. 28 U.S.C. sections 2201 and 2202. Hartman v. Commissioner, 65 T.C. 542, 547-548 (1975). Petitioner, *387 notwithstanding his exhortations to the contrary, is not entitled to a jury trial in this Court. Section 7453. See Swanson v. Commissioner, 65 T.C. 1180 (1976), and Wilkinson v. Commissioner, supra.
Indeed, all of the petitioner's constitutional contentions, those discussed above and others, have been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other courts. [8] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner, supra at 899, we stated: In recent times, this Court has been faced with *388 numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [9]
There is no adjustment in this case on which the burden of proof is placed by statute or the rules of practice of this Court upon respondent. Hence, petitioner bears the burden of proof thereon. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Furthermore, petitioner has the burden of proving that he is not liable for the additions to the tax imposed by respondent. *389 Bagur v. Commissioner, 66 T.C. 817, 823-824 (1976), remanded on other grounds 603 F.2d 491 (5th Cir. 1979); Enoch v. Commissioner, 57 T.C. 781, 802 (1972). The record here is crystal clear. Petitioner has not assigned any justiciable error with respect to the substantive adjustments to his income which were made by respondent in his notice of deficiency. Nor has petitioner alleged any justiciable facts to show that respondent erred in determining those adjustments. The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. [10] The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). *390 On this record, we are compelled to sustain respondent's determination, and his motion will be granted. [11]
An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were heard in oral argument at Washington, D.C., on April 8, 1981.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. Petitioner was advised by the Court at the hearing that his petition did not state a claim upon which the Court could grant relief. When offered the opportunity to file a proper amended petition, he declined stating he wanted to stand on the present record.↩
5. We additionally point out that the constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977); and Klir v. Commissioner, T.C. Memo. 1979-259↩.
6. See also Bryson v. Commissioner, T.C. Memo. 1980-331. Additionally, we also observe that the Ninth Circuit held in United States v. Long, 618 F.2d 74 (9th Cir. 1980), that a return containing zeros in the spaces reserved for entering exemptions, income, tax, and tax withheld was a return within the meaning of sec. 7203, even if that information was false. Suffice it to say, this case is distinguishable. But see United States v. Smith, 618 F.2d 280↩ (5th Cir. 1980), where the Court stated at 281, "Smith's 1974 and 1975 'returns' which contained nothing but zeros and constitutional objections, plainly did not even purport to disclose the required information. Smith was thus properly charged with failure to file for those years."
7. See also Stradling v. Commissioner, T.C. Memo. 1981-173↩, and cases cited therein.
8. See Richardson v. Commissioner, 72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Meyers v. Commissioner, T.C. Memo. 1980-579; Egan v. Commissioner, T.C. Memo. 1980-560; Myers v. Commissioner, T.C. Memo. 1980-549; Treshman v. Commissioner, T.C. Memo. 1980-526; Upton v. Commissioner, T.C. Memo. 1980-325; Fleck v. Commissioner, T.C. Memo. 1980-281; and Wharton v. Commissioner, T.C. Memo. 1980-253↩.
9. The Court's language in Hatfield↩, so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing workload of this Court.
10. Indeed, if all the allegations of fact contained in the petition were taken as true, they would fail to state a claim upon which this Court could grant any relief.↩
11. Although we considered imposing damages against petitioner pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare Sydnes v. Commissioner, 74 T.C. 864 (1980), affd.     F.2d     (8th Cir. 1981); Greenberg v. Commissioner, 73 T.C. 806 (1980); and Wilkinson v. Commissioner, 71 T.C. 633↩ (1979), where damages were imposed.