RUTH E. DUNN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dunn v. Commissioner
Docket No. 17069-81.
United States Tax Court
T.C. Memo 1981-607; 1981 Tax Ct. Memo LEXIS 141; 42 T.C.M. (CCH) 1459; T.C.M. (RIA) 81607; October 19, 1981. Ruth E. Dunn, pro se. Elizabeth DePriest and Peter M. Ritteman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss this case based upon failure to state a claim upon which relief can be granted. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*142 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed on September 1, 1981, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on May 22, 1981, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1979 in the amount of $ 2,029.70. The deficiency determination is based upon petitioner's failure to include on her income tax return income received in 1979 from compensation for services, interest and dividends, and respondent's disallowance of deductions claimed for auto sales tax, interest, and contributions. Petitioner resided at 18848 Brinker, Detroit, Michigan, on the date she filed her petition. She filed an individual U.S. Federal income tax return for 1979 with the Internal Revenue Service. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments *143 of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error are extant therein. Rather, petitioner consumes her petition, in the main, raising the following arguments: (1) That she had produced to respondent's agents, prior to the issuance of the deficiency notice, "exhibits" and "certain receipts". (2) That the Internal Revenue Code "purports" to impose a direct tax on the income of individuals and, thus, it is unconstitutional. (3) That she is entitled to a jury trial in this Court. It is clear beyond doubt that petitioner's arguments are frivolous. Each of her contentions has been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other courts. It is well established that this Court generally will not look behind a deficiency notice to examine the evidence used *144 or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determination. Proesel v. Commissioner, 73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); Human Engineering Institute v. Commissioner, 61 T.C. 61, 66 (1973). Petitioner has made no showing in this record that the foregoing holding should not be applicable to this case. Next, despite petitioner's insistance to the contrary, she is not entitled to a jury trial in this Court. Section 7453, Internal Revenue Code of 1954, as amended. Swanson v. Commissioner, 65 T.C. 1180 (1976); Wilkinson v. Commissioner, 71 T.C. 633 (1979). The constitutionality of the Federal income tax laws passed since the enactment of the sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.C. Co., 240 U.S. 1 (1916); Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); Cupp v. Commissioner, 65 T.C. 68 (1975), *145 affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Moreover, the Sixteenth Amendment was enacted in response to the Supreme Court's decision in Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429 (1895), which held unconstitutional the income tax of 1894 as a direct tax without apportionment. The "whole purpose" of the Sixteenth Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co., supra at 18, was "to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Hence, since the ratification of the Sixteenth Amendment, it is immaterial, with respect to income taxes, whether the tax is a direct or an indirect tax. [3]
Finally, the following recent forewarning in McCoy v. Commissioner, 76 T.C. 1027, 1029 (1981) (on appeal, 9th Cir. Sept. 15, 1981), bears repeating herein: It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been *146 raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their widely espoused positions. [4]
The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. The absence is the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); *147 Weinstein v. Commissioner, 29 T.C. 142 (1957). On this record we must and do sustain respondent's deficiency determination, and his motion will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on September 30, 1981. Petitioner did not appear, however, she did file a statement under Rule 50(c) on September 28, 1981.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. See also Roberts v. Commissioner, 62 T.C. 834↩ (1974).
4. See also, on this point, Hatfield v. Commission, 68 T.C. 895, 899↩ (1977. These statements are all the more impelling today because of the ever increasing caseload of this Court.