KEVIN D. SMART, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smart v. Commissioner
Docket No. 11950-81.
United States Tax Court
T.C. Memo 1981-612; 1981 Tax Ct. Memo LEXIS 130; 42 T.C.M. (CCH) 1496; T.C.M. (RIA) 81612; October 20, 1981. Kevin D. Smart, pro se. Cynthia J. Olson and Raymond J. Farrell, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for failure to state a claim upon which relief can be granted and petitioner's motion to dismiss for lack of jurisdiction. After a review of the record, we agree with an adopt his opinion which is set forth below. [1]
*132 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction filed on August 19, 1981 and respondent's motion to dismiss for failure to state a claim upon which relief can be granted filed on July 15, 1981, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on March 19, 1981, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1978 in the amount of $ 545.00. The deficiency is predicated upon respondent's disallowance of employee business expenses claimed by petitioner on his 1978 return in the amount of $ 4,224.00. Petitioner resided at 767 Aspen Drive, Cortez, Colorado, on the date he filed his petition herein. He filed a joint 1978 Federal income tax return with Dorinda J. Smart with the Internal Revenue Service. [3]
On June 1, 1981 petitioner filed his petition wherein at paragraph 4 thereof he states -- I disagree with *133 any amounts stipulated by the Internal Revenue Service, because they are forcing me into a spurious court which lack (sic) jurisdiction to make any determination on my case. This compulsary (sic) petitioning is unconstitutional and I do not want any part of it. The Internal Revenue Service has a remedy at law where they have the burden of proof on them and I am not going to have that set aside because of your tyrannical methods. I strongly demand that you dismiss this action for lack of jurisdiction. The day after respondent filed his motion, the Court, on July 16, 1981, issued an order which was served on petitioner together with a copy of respondent's motion to July 21, 1981. That order states in part, as follows -- Upon due consideration, it is ORDERED that petitioner may on or before August 17, 1981, file a proper amended petition pursuant to Rule 34, or an objection to respondent's above referenced motion. The Court will thereupon, take such action as it deems appropriate, which if it determines that a proper petition or amended petition has not been filed, may include granting respondent's motion and entering a decision against petitioner in the full amount of *134 the deficiency as set forth in respondent's notice of deficiency upon which this case is based. Petitioner did not file a proper amended petition but rather chose to file an "Answer to motion to dismiss and to dismiss for lack of jurisdiction" on August 19, 1981. [4] Therein he attacks this Court as a "star chamber court," which forced him into this Court "by compulsion" and he insists that the procedures for appeal to this Court are violative of his rights under the Fourth, Fifth and Seventh Amendments to the U.S. Constitution. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, * * *." No justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error *135 are extant therein. We first address petitioner's jurisdictional motion. Section 6212 [5] provides that if the Secretary determines that there is a deficiency in respect of any tax imposed by, among other provisions, subtitle A he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail. Notice of deficiency in respect of such a tax, if mailed to the taxpayer at his last known address, shall be sufficient. Such a determination was made here, and respondent issued a valid deficiency notice to petitioner on March 19, 1981. Section 6213(a), which permits the filing of petitions with this Court, provides in part: Within 90 days, or 150 days if the notice is addressed to a person outside of the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * Petitioner, for whatever his reasons, [6] elected to file a petition with this *136 Court and he did so timely on June 1, 1981. In such posture, this Court does have jurisdiction to decide this case on its merits. Section 6214. Moreover, the Tax Court, as established under the Tax Reform Act of 1969, sections 951-962, Pub. L. 91-172, 83 Stat. 487, 730-736, is a court of record established under Article I of the Constitution of the United States. The exercise by it of the jurisdiction conferred upon it by the Act, and prior law, does not violate Article III of the Constitution. Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971); sections 7441 and 7442. On the basis of this record, we have jurisdiction of this case without question, hence, petitioner's motion will be denied. It is clear beyond *137 doubt that petitioner's constitutional arguments are frivolous. Each of his contentions has been fully considered and discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other Courts. [7]
Despite petitioner's protestations to the contrary, the burden of proof with respect to the claimed employee business expenses is not on respondent, it is on petitioner. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Finally, while *138 it may be somewhat repetitious, the following recent forewarning in McCoy v. Commissioner, 76 T.C. 1027, 1029 (1981) (on appeal, 9th Cir. Sept. 15, 1981), merits repeating herein: It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [8]
*139 The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). On this record we are compelled to sustain respondent's determination and his motion will be granted. An appropriate order and decision will be entered. Footnotes
1. Since we have before us pre-trial motions and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on September 30, 1981. Petitioner did not appear. However, he filed an answer to respondent's motion to dismiss (which was incorporated in his motion to dismiss) on August 19, 1981.
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Dorinda J. Smart is not a party to this case.↩
4. In that document petitioner agrees that his petition is not in conformance with Rule 34.↩
5. All section references herein are to the Internal Revenue Code of 1954, as amended.↩
6. We observe that petitioner, after receipt of his deficiency notice, had the election to pay the 1978 income tax deficiency and file a claim for refund of those taxes with the Internal Revenue Service. If that claim was disallowed he could then have filed a suit for refund of that tax either in a U.S. District Court (where he could have opted for a jury trial) or the U.S. Court of Claims at Washington, D.C. See section 7422.↩
7. A taxpayer is not entitled to a jury trial in the U.S. Tax Court. Section 7453. Wilkinson v. Commissioner, 71 T.C. 633 (1979); Swanson v. Commissioner, 65 T.C. 1180 (1976). Moreover, petitioner's fourth and fifth Amendment rights have not been abridged. Richardson v. Commissioner, 72 T.C. 818 (1979) (Fourth, Fifth, Ninth and Tenth Amendments); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977) (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner, 62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments↩).
8. In this respect, see also Hatfield v. Commissioner, 68 T.C. 895, 899 (1977). Our statements in McCoy and Hatfield↩ are all the more impelling today in view of the ever increasing case load of this Court.