MORRIS KLEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4238–65. Filed December 23, 1965.

*Harlow B. King* and *John S. Nolan,* for the petitioner.
*Andrew S. Coxe,* for the respondent.

OPINION

DAWSON, *Judge:* On April 14, 1965, respondent sent petitioner a notice determining the following deficiencies and additions to tax:

| Taxable year | Deficiency | Additions to tax, sec. 6653(b) |
|---|---|---|
| 1958 | $16, 442. 93 | $8, 221. 47 |
| 1961 | 26, 056. 53 | 13, 028. 27 |

The determined deficiencies for 1958 and 1961 are based principally on an "expenditures method" computation resulting in certain amounts of alleged unreported income. The notice of deficiencies for both years contains specific explanations of the adjustments with Exhibits A and B attached.

On July 13, 1965, the petitioner filed his petition in this proceeding assigning in paragraph 4 the following errors:

4.(a)(1). The Commissioner erred in determining a deficiency in tax for the calendar year 1958 in the amount of $16,442.93, for the reason that he is barred from doing so by the provisions of the statute of limitations as provided in Section 6501(a) of the Internal Revenue Code of 1954.

4.(a)(2). The Commissioner erred in determining an alleged addition to tax (fraud penalty) under Section 6653(b) IRC 1954, for the year 1958 in the determined amount of $8,221.47, for the reason that he is barred from doing so by the provisions of the statute of limitations, Section 6501(a) of the Internal Revenue Code of 1954.

4.(b)(1). The Commissioner, in determining taxable income of the petitioner for the year 1961, erred in adding to petitioner's taxable income, in the determined amount of $46,980.70, certain items allegedly representing unreported income, on the basis of the allegations and contentions set out in the appropriate subdivisions of paragraph 5 below.

4.(b)(2). The Commissioner erred in determining an alleged addition to tax (fraud penalty) under Section 6653(b) of the Internal Revenue Code of 1954 for the year 1961 in the amount of $13,028.27, on the basis of the allegations and contentions set out in paragraph 5 below.

In paragraph 5 of the petition, the petitioner alleges the following facts to support his assignments of error:

5.(a)(1) and 5.(a)(2). Petitioner alleges that he filed his 1958 Federal income tax return on or before April 15, 1959; that the Notice of Deficiency involved in this proceeding was issued on or about April 14, 1965; that said notice was therefore issued more than three years from the filing and due date of petitioner's 1958 Federal income tax return; that the respondent by reason thereof is barred by the applicable statute of limitations from determining or assessing any deficiency in tax or additions to tax, or any addition to tax in the nature of a fraud penalty for the year 1958.

5.(b)(1) and 5.(b)(2). Petitioner alleges that for the calendar year 1961 he had taxable income in the amount of $20,082.45 from the operation of the Original Jobbing Company, 303 West 9th Street, Kansas City, Missouri, as reflected on said return, before itemized deductions from adjusted gross income; that said taxable income in the amount of $20,082.45 fairly reflects petitioner's taxable income, before deductions for adjusted gross income for the year 1961 as shown by his books and records. Petitioner further requests the Court to place upon the Commissioner the burden of pleading and proving the basis for any determination of alleged liability for an addition to tax in the nature of a fraud penalty for the year 1961.

Prior to filing an answer to the petition, respondent on August 30, 1965, filed a motion for further and better statement requesting an order of the Court (1) directing petitioner to file an amended petition setting forth clear and concise allegations of error and facts in support thereof and (2) prohibiting petitioner from introducing any evidence for 1958 and 1961 to establish facts not properly pleaded.

On October 26, 1965, the Court entered an order which reads as follows:

This case was called from the motions calendar at Washington, D.C., on October 20, 1965, for hearing on respondent's motion for a further and better

statement, filed August 30, 1965. Counsel for respondent was heard on the motion. Petitioner filed on October 19, 1965, a memorandum in opposition to respondent's motion. After due consideration, it is

ORDERED that respondent's motion is granted in that petitioner is directed to file an amended petition on or before November 18, 1965, setting forth clear and concise allegations of error and facts in support thereof, or show cause at 10:00 A.M., November 24, 1965, why this case should not be limited to the fraud issue or other appropriate action be taken.

Another hearing was held on November 24, 1965, at which further arguments were heard from counsel for the petitioner and the respondent. On December 1, 1965, petitioner's counsel filed a memorandum in response to the Court's order of October 26, 1965.

Petitioner agreed at the hearing of November 24, 1965, to allege in an amended petition certain additional facts with respect to the year 1961. Petitioner also agreed to amend his petition with respect to the year 1958 by alleging error both as to the determination of a deficiency because of the bar of the statute of limitations and as to the correctness of the respondent's increases in petitioner's taxable income. Error had been alleged in the petition as to the addition to tax under section 6653(b). Petitioner has alleged no facts relating to the asserted incorrectness of respondent's increases in the taxable income of petitioner for 1958. Thus the present controversy between the parties is whether, under Rule 7(c)(4)(B)5 of the Court's Rules of Practice, the petitioner is required for the year 1958 to allege facts beyond those tending to establish that the statute of limitations has run, if petitioner intends to contest the correctness of the basic deficiency should respondent allege and be successful in proving fraud.

It is clear that the burden of pleading and proving error with respect to the basic deficiency for 1958 is on the petitioner. *Joseph A. Indelicato*, 42 T.C. 686, 688 (1964); *Leonard B. Willits*, 36 B.T.A. 294, 300 (1937).

Rule 7(c)(4)(B)5 requires that the petition contain—

Clear and concise lettered statements of the facts upon which the petitioner relies as sustaining the assignments of error, except those assignments of error in respect of which the burden of proof by statute is placed upon the Commissioner.

While the petitioner may choose to rely only upon the defense of the statute of limitations, he cannot refuse to disclose in his petition the facts supporting his objections to respondent's income adjustments if he expects to contest the correctness of the deficiencies. See *Factor* v. *Commissioner*, 281 F. 2d 100, 122–125 (C.A. 9, 1960). Failure to allege such facts will be at petitioner's peril, for the Court may enter an order striking such an assignment of error under Rule 17(c)(3). Cf. *Commissioner* v. *Licavoli*, 252 F. 2d 268 (C.A. 6, 1958), affirming an order and decision of this Court.

Rule 7(c) (4) (B)5 is not an empty or meaningless requirement. Compliance with its provisions is essential to the orderly conduct of litigation in this Court. The Federal Rules of Civil Procedure do not apply to the Tax Court. *Katz* v. *Commissioner*, 188 F. 2d 957, 959 (C.A. 2, 1951); and *Factor* v. *Commissioner*, *supra*. This Court operates under its own prescribed rules of practice and procedure. See sec. 7453, I.R.C. 1954. Our rules require *full*—rather than incomplete, fragmentary, or vague—*pleadings* by the parties. Cf. *Waldweiler* v. *Commissioner*, 351 F. 2d 587 (C.A. 7, 1965); *Godfrey M. Weinstein*, 29 T.C. 142, 143 (1957); and *Nathan Goldsmith*, 31 T.C. 56, 63–64 (1958). We do not favor attempts at piecemeal pleading.

Respondent, of course, has the burden of pleading fraud in his answer and alleging facts pertaining thereto. He also has the burden of proving fraud at the trial. Sec. 7454(a), I.R.C. 1954; and Rule 14(b), Rules of Practice.

Accordingly, if the petitioner intends to offer proof to sustain his assignment of error as to the correctness of respondent's "expenditures method" computation and deficiency determination, he must allege facts in support of such an assignment of error or be foreclosed from offering any proof of such facts.

*An appropriate order will be entered.*