LAWRENCE J. FLECK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fleck v. Commissioner
Docket No. 9130-79.
United States Tax Court
T.C. Memo 1980-281; 1980 Tax Ct. Memo LEXIS 307; 40 T.C.M. (CCH) 800; T.C.M. (RIA) 80281; July 29, 1980, Filed Lawrence J. Fleck, pro se. Richard E. Trogolo and Howard Philip Newman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss this case on the ground that the petition fails to state a claim upon which relief can be granted. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*308 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed on August 14, 1979, pursuant to Rules 40 and 53, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on April 6, 1979, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1977 in the amount of $1,904. Petitioner resided at R.R. 1, Rome City, Indiana, on the date he filed his petition herein. He filed a Federal income tax return for 1977 (Form 1040A) with the Internal Revenue Service. The only income adjustment determined by respondent is for $12,941.81 in wages received in 1977 by petitioner from Newnaim Foundry, a Division of Chromalloy American Corporation, none of which was reported by petitioner on his 1977 return. The petition filed on July 2, 1979, not being in conformance with Rule 34, the Court, after the filing of respondent's pending motion, by order dated August 28, 1979, gave *309 petitioner until September 25, 1979, in which to file a proper amended petition. No amended petition has been filed. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "[clear] and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "[clear] and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with respect to the Commission's determination of the deficiency, and no facts in support of such error are extant therein. Rather, petitioner consumes his entire petition raising, in the main, a plethora of frivolous constitutional arguments. Therein, we are advised, interalia, that respondent "erred" in his deficiency determination-- 1. "* * * in computing the taxes for the years above in the amount of $1,904.00 including penalties assessed by authority of 6651(a), 6653(a), and 6654, [3] and that such error was willful, wanton, and malicious and intentional, all in violation of Petitioner's rights secured *310 by the U.S. Constitution and the Declaration of Independence, the Magna Carta, and the Northwest Ordinance, and the Common Law." [Footnote added.] 2. "Petitioner believes that the alleged deficiency tax has been computed by using an arbitrary and capricious doctrine. Petitioner did not earn sufficient income in 'Dollars' to warrant a factual assessment in amounts stated by Respondent." Next, petitioner focuses in on and fires at respondent the following affirmative defenses [4]--The Statute of Frauds, Laches, Estoppel, Waiver, failure to earn "Dollars" as defined by the U.S. Constitution, accord and satisfaction, failure of jurisdiction over the subject matter and over the petition, and the statute of limitations. [5]
*311 Finally, in addition to the foregoing authorities upon which petitioner relies, he puts the Court on notice that he has the following further support--the King James' Bible, the Federalist Papers, the Mayflower Compact, the Declaration of Resolves, the Declaration of Rights 1765 and 1774, the Declaration of Independence 1776, the Articles of Confederation 1778, and the Virginia Charter 1606. We think it is clear that the multitude of legal and constitutional arguments advanced by petitioner are frivolous and without merit. All of the contentions he has raised have been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other Courts. [6] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner, 68 T.C. 895, 899 (1977), we had this to say-- In recent times, this Court has been faced *312 with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [7]
Here petitioner bears the burden of proving that the Commissioner's deficiency determination is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). He has not alleged facts which, if proved, would carry that burden. [8] The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon *313 which we can grant any relief. The absence in the petition of specific justiciable allegations of error and of supporting facts compels this Court to grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commission, 29 T.C. 142 (1957). On this record, we are compelled to sustain respondent's determination and, therefore, his motion will be granted. [9]
An appropriate order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on October 10, 1979. Petitioner did not appear nor did he file any response to respondent's motion herein under consideration, albeit a copy thereof together with a copy of respondent's memorandum in support of his motion were served on petitioner by the Court on August 31, 1979.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. No determination has been made by respondent in his notice of deficiency respecting additions to the tax.↩
4. See Rule 39. ↩
5. We observe, with respect to the statute of limitations, that the taxable year 1977 is before the Court. The three-year limitation period within which the Commissioner may assess and attempt collection of the deficiency in tax for that year or issue a notice of deficiency with respect thereto will not expire until April 15, 1981. He issued his notice of deficiency herein involved on April 6, 1979, and the petition was filed on July 2, 1979.↩
6. Respondent, in his memorandum filed on August 14, 1979, a copy of which was served on petitioner by the Court on August 31, 1979, refutes many of petitioner's arguments citing the pertinent opinions of this and other courts.We see no reason to burden this opinion by reciting those pertinent opinions.↩
7. The Court's language in Hatfield↩, so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing caseload of this Court.
8. See Ross v. Commissioner, T.C. Memo. 1978-203↩, where many of the same arguments as here were made and rejected.
9. Although we considered imposing damages against petitioner pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare, Greenberg v. Commissioner, 73 T.C. 806 (1980), Wilkinson v. Commissioner, 71 T.C. 633↩ (1979), where damages were imposed.