RALPH L. UPTON AND SHIRLEY UPTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Upton v. Commissioner
Docket No. 6070-80.
United States Tax Court
T.C. Memo 1980-325; 1980 Tax Ct. Memo LEXIS 261; 40 T.C.M. (CCH) 1023; T.C.M. (RIA) 80325; August 19, 1980, Filed Charles N. Woodward and Barry Furman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss this case based upon failure to state a claim upon which relief can be granted. After a review of the record, we agree with and adopt his opinion which is *262 set forth below. [1]
*263 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed on June 12, 1980, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on March 7, 1980, determined deficiencies in petitioners' Federal income taxes and in additions to the tax for the taxable years 1976 and 1977 in the following respective amounts: Additions to Tax, IRC 1954 [3]
Years
Income Tax
Sec. 6653(a)
1976
$3,782.25
$189.11
1977
3,842.20
192.11
Petitioners resided at 633 Tottingham Road, Anadarko, Oklahoma, on the date they filed their petition herein. [4] They filed their joint Federal income tax returns for 1976 and 1977 with the office of the Internal Revenue Service Center at Austin, Texas. *264 Respondent, in his notice of deficiency, determined an income adjustment (additional income) for 1976 and disallowed various claimed business expenses for 1976 and 1977. The petition filed on April 28, 1980, was not in conformance with Rule 34. By Order dated June 16, 1980, a copy of which was served on petitioners on June 18, 1980, the Court gave petitioners until July 14, 1980, to file a proper amended petition in accord with Rule 50(d). No amended petition has been filed. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, * * *." No justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error are extant therein. Rather, petitioners consume their entire petition raising, in the main, that -- 1. Wages are not gain or profit and, therefore, *265 do not constitute income subject to tax. [5]
2. Federal reserve notes are includable in gross income at fair market value not at face value.[6]
3. "Income Tax was passed as a ('Soak the rich') Tax, and not against the citizens and the Common Law right to work. * * * Income Tax on the Common Law right to work is a Direct Tax and when it is not apportioned, is unconstitutional * * *." [7]
*266 4. Petitioners are entitled to a jury trial. [8]
It is clear beyond doubt that the legal and constitutional arguments advanced by petitioners are frivolous and without merit. All of the contentions they have raised have been fully discussed (adversely to petitioners' contentions) in numerous prior opinions of this and other courts. On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner,68 T.C. 895, 899 (1977), we had this to say -- In recent times, this court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration *267 of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, [9] and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [Footnote added.] The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. [10] The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner,45 T.C. 308 (1965); Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,29 T.C. 142 (1957). *268 On this record we are compelled to sustain respondent's determinations and his motion will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on July 30, 1980. Neither petitioner appeared. However, they did file an answer to respondent's motion on July 28, 1980, in which they reiterate some of the same matters set forth in their petition which are set forth later in this opinion. Also, on July 28, 1980, petitioners filed a motion for continuance, "so that they may have time for Discovery, Rule 70." Rule 70(a)(2) provides in part, "Discovery shall not be commenced, without leave of Court, before the expiration of 30 days after joinder of issue (see Rule 38), * * *." Thus, this case would not be deemed at issue until an answer is filed by respondent. See Rule 38. In view of the result reached herein, respondent need not file an answer. Accordingly, petitioners' motion was denied by order of Court dated July 30, 1980.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. The document filed as a petition is entitled "Suit at Common Law Jury Trial Demanded."↩
5. Sec. 61, IRC 1954↩, specifically includes as income compensation for services, including fees, commissions, and gross income derived from business.
6. Federal reserve notes constitute legal tender -- "Money" -- which must be reported on a taxpayer's return in accordance with his method of accounting. Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. in an unpublished opinion 578 F.2d 1383↩ (8th Cir. 1978).
7. The constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); Cupp v. Commissioner,supra; and Klir v. Commissioner,T.C. Memo. 1979-259↩.
8. A taxpayer is not entitled to a trial by jury in the U.S. Tax Court. Sec. 7453, 1954 Code. See Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,supra;Gajewski v. Commissioner,supra; and Wilkinson v. Commissioner,71 T.C. 633↩ (1979).
9. That statement so true when made is all the more impelling today because of the ever increasing caseload of this Court.↩
10. Although we considered imposing damages against petitioners pursuant to sec. 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare, Syndes v. Commissioner, 74 T.C.     (July 29, 1980); Greenberg v. Commissioner,73 T.C. 806 (1980); and Wilkinson v. Commissioner,supra,↩ where damages were imposed.