KENNETH D. BAKER and BEVERLY J. BAKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket No. 19205-80.
United States Tax Court
T.C. Memo 1981-400; 1981 Tax Ct. Memo LEXIS 342; 42 T.C.M. (CCH) 563; T.C.M. (RIA) 81400; August 4, 1981. *342 Held, respondent's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 40, Tax Courts Rules of Practice and Procedure, is granted. Kenneth D. Baker, pro. se. Cynthia J. Olson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case comes before us on respondent's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 40 Tax Court Rules of Practice and Procedure.[1]
In a notice of deficiency dated July 1, 1980, respondent determined a deficiency of $ 1,670 in petitioners' 1978 Federal income tax, and an addition to tax of $ 83.50 under section 6653(a). [2]
Petitioners were husband and wife residing in Colorado Springs, Colorado, when they filed a petition in this case on October 2, 1980. They filed their 1978 joint Federal income tax return with the Internal Revenue Service, Ogden, Utah. In their petition filed on October 2, 1980, petitioners asserted only "that the nature *343 of the alleged tax is income tax, and excise tax, interest, penalties and fines included therein." This petition was not in conformance with Rule 34 and accordingly, the Court, by order dated October 17, 1980, gave petitioners until December 17, 1980, to file a proper amended petition. On December 5, 1980, petitioners filed a document entitled "Amended Petition." The assignment of error contained in paragraph 4 of the amended petition was limited to the following statement: "All are in controversy as tax paid was in the form of an excise collected as a direct tax." Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justifiable error has been alleged in the amended petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error are extant therein. Rather, petitioners' entire petition consists of a statement *344 apparently challenging the Federal income tax statute as an unconstitutional direct tax without apportionment. However, the constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been judicially upheld on too many occasions for us to reconsider the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977). Moreover, this same constitutional objection has been fully discussed and expressly rejected in numerous prior opinions of this and other courts. It is, therefore, clear that the argument advanced by petitioners herein is frivolous and without merit. The document filed as a petition is not in conformance with the Tax Court Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. The absence in the petition of specific justifiable allegations of error and of supporting facts requires this Court to grant respondent's motion, Rule 123(b); cf. Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958). *345 Accordingly, on the basis of this record, respondent's motion to dismiss is granted. An appropriate order will be issued. Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩