BLAINE B. WHITE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 16649-81.
United States Tax Court
T.C. Memo 1981-609; 1981 Tax Ct. Memo LEXIS 143; 42 T.C.M. (CCH) 1466; T.C.M. (RIA) 81609; October 19, 1981. Blaine B. White, pro se. Elizabet DePriest and Peter M. Ritteman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss this case based upon failure to state a claim upon which relief can be granted. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*144 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed on September 1, 1981, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to pertitioner on April 6, 1981, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1977 in the amount of $ 3,740.61. The deficiency determination is based upon respondent's disallowance of claimed deductions for alimony and taxes. Petitioner resided at 64135 Omo Road, Richmond, Michigan, on the date he filed his petition. He filed an individual U.S. Federal income tax return for 1977 with the Internal Revenue Service. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and *145 "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." no justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error are extent therein. Rather, petitioner consumes his petition, in the main, raising the following arguments: (1) That he is entitled to a jury trial in this Court; and (2) That the Internal Revenue Code "purports" to impose a direct tax on the income of individuals and, thus, it is unconstitutional. It is clear beyond doubt that petitioner's arguments are frivolous. Despite his protestations to the contrary, he is not entitled to a jury trial in the U.S. Tax Court. Section 7453, Internal Revenue Code of 1954, as amended. Wilkinson v. Commissioner, 71 T.C. 633 (1979); Swanson v. Commissioner, 65 T.C. 1180 (1976). Next, the constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); *146 Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Moreover, the Sixteenth Amendment was enacted in response to the Supreme Court's decision in Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429 (1895), which held unconstitutional the income tax of 1894 as a direct tax without apportionment. The "whole purpose" of the Sixteenth Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co., supra at 18, was "to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Hence, since the ratification of the Sixteenth Amendment, it is immaterial, with respect to income taxes, whether the tax is a direct or an indirect tax. [3]
Finally, the following recent forewarning in McCoy v. Commissioner, 76 T.C. 1027, 1029 (1981) (on appeal, 9th Cir. Sept. 15, 1981), bears repeating herein: It may be appropriate to note further that *147 this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been rasied in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [4]
The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. The absence in the petition for specific justiciable allegations of error and of supporting facts permits *148 this Court to grant respondent's motion. Rule 123(b); cf., Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). On this record, we must and do sustain respondent's deficiency determination, and his motion will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this is pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on September 30, 1981. Petitioner did not appear, nor did he file a response to respondent's motion herein under consideration, albeit a copy thereof was served on him by counsel for respondent on August 26, 1981, and a copy of the Court's notice of hearing was served on him by the Court on September 3, 1981.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. See also Roberts v. Commissioner, 62 T.C. 834↩ (1974).
4. See also, on this point, Hatfield v. Commissioner, 68 T.C. 895, 899↩ (1977). These statements are all the more impelling today because of the ever increasing caseload of this Court.