JAMES V. SCHMITZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmitz v. Commissioner
Docket No. 27810-83.
United States Tax Court
T.C. Memo 1984-373; 1984 Tax Ct. Memo LEXIS 297; 48 T.C.M. (CCH) 550; T.C.M. (RIA) 84373; July 23, 1984. James V. Schmitz, pro se. Joan R. Domike, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456(c), [1] and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983). After review of the record, we agree with and adopt his opinion set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed March 6, 1984, pursuant to Rule 121. [2]
In his notice of deficiency dated July 11, 1983, respondent determined a deficiency in *299 petitioner's 1979 Federal income tax in the amount of $8,882 and an addition to tax under section 6653(a)(1) in the amount of $444. The notice of deficiency set forth adjustments as follows: Adjustment to Income
Adjusted Amount
Travel Pay
$ 214.00 Interest Income
$ 151.00 Schedule C-Deductions
$14,669.00 Schedule A-Contributions
$ 9,548.00 Zero Bracket Amount
$ (48.00)
Exemptions
At the time of filing his petition herein, petitioner resided at Gasport, New York. The petition alleges in pertinent part as follows: * * * 4. The determination of deficiency set forth in the said notice is based on an arbitrary assumption, with the lack of consideration and allowances of legitimate and proper deductions. 5. The three year limitation on the assessment and collection of tax had expired for the year 1979 prior to the issuance of the statutory notice of deficiency. 6. The facts upon which the Petitioner relies, as the basis of his case, is [sic] as follows: A. That the determination of the gross income and allocation was based on the arbitrary assumption of an agent of the Commissioner of the Internal Revenue Service, without clarification *300 or basis, that it was Petitioner's actual income. B. Petitioner filed a return on or before the proper filing date for the year 1979. The statutory notice of deficiency was issued on July 11, 1983, after the statute of limitations expired. C. That no expenses or exemptions were allowed by Respondent of Known Schedule C deductions and Schedule A contributions. * * * On December 1, 1983, respondent filed his answer denying the allegations of the above-quoted paragraphs of the petition. Respondent also made affirmative allegations in his answer as a defense that the statute of limitations does not bar assessment and collection of deficiencies for the taxable year 1979. Since no reply was filed, respondent's allegations are deemed denied under Rule 37(c). In his motion for summary judgment, respondent argues that with respect to the deficiency and addition to tax, petitioner has failed to allege any assignments of error. Rule 34(b)(4). Respondent also contends that petitioner has failed to allege any facts in support of assignments of error under Rule 34(b)(5). Respondent attached to his motion documents providing the following facts: On his 1979 Federal income tax return *301 petitioner filled in the word "clergy" as his occupation. On the Schedule C filed with the return, he specified "preaching" as a business activity and "ministry" as a business product. Petitioner submitted Employee's Withholding Allowance Certificates (Forms W-4) to his employers indicating that he was exempt from income tax withholding during the year in issue. Attached to petitioner's Federal income tax return for the taxable year in issue are eight Wage and Tax Statements (Forms W-2) which show wages from various employers. All but one of these forms W-2 show that there was no withholding of Federal income tax. With respect to petitioner's allegations concerning the statute of limitations, respondent contends that the limitations on assessment and collection under section 6501(a) had not expired prior to the issuance of the notice of deficiency because of the operation of section 7609(e), providing for a suspension of the statute of limitations. Respondent also attached to his motion for summary judgment documentation establishing the following facts: On April 22, 1982, respondent issued a summons to the Seattle First National Bank of Richmond, Washington, seeking certain *302 bank records with respect to the 1979 taxable year. The notice required by section 7609(a)(1) was mailed to petitioner by certified mail on April 23, 1982. Petitioner received this notice on April 27, 1982. On May 5, 1982, petitioner stayed compliance of the summons pursuant to the provisions of section 7609(b). On September 21, 1982, respondent filed a petition seeking enforcement of the summons in the United States District Court for the Eastern District of Washington, Civil. No. C-82-78-JLQ. On February 8, 1983, the district court issued an order enforcing the summons. Respondent argues that the statute of limitations on assessment and collection of tax under section 6501(a) was suspended under section 7609(e) for the period beginning September 21, 1982, the date the petition for enforcement of the summons was filed, and ending April 9, 1983, the last day a notice of appeal of the district court's order could have been filed. Respondent concludes that the statute of limitations was suspended for a total of 200 days and, therefore, the issuance of the notice of deficiency on July 11, 1983, was prior to the expiration of the statute of limitations on assessment. Rule 121(a) *303 provides that a party may nove for summary judgment on all or any part of the legal issues in controversy. Rule 121(b) provides that: * * * A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * The burden of proving that there is no genuine issue of material fact is on the moving party. Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Statute of Limitations
Pursuant to section 7609(a) [3] as effective for the year in issue, [4] if an administrative summons is served on "any person who is a third-party recordkeeper" requiring the production of records, notice must be given to the person whose records are sought. Section 7609(b) provides that such person may stay the summons proceeding and intervene in any enforcement proceeding. Section 7609(e) [5] provides: (e) Suspension of Statute of Limitations. - If any person takes any action provided in subsection (b) and such person is the person with respect to whose liability the summons is *304 issued * * *, then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) * * * shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending. *305 Based upon the documents attached to respondent's motion for summary judgment, we are satisfied that the statute of limitations was suspended from September 21, 1982, the date on which the enforcement action was filed, until April 9, 1983, the date on which the period of appeal expired in the enforcement proceeding. [6] Thus, the notice of deficiency issued on July 11, 1983, was mailed within the 3-year period prescribed by section 6501(a) as suspended by section 7609(e) [7]. Deficiency and Addition to Tax
Rule 34(b)(4) provides that the petition shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Further, Rule 34(b)(5) provides that the petition shall contain "[c]lear and concise lettered statements of the fact on which petitioner bases the assignments of error * * *." Any issue not raised in the assignments of error shall be deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner,78 T.C. 646, 658 (1982). *306 There is no doubt that the determination made by the respondent in his notice of deficiency is presumed correct; the burden is on petitioner to allege that those determinations are erroneous. Rule 142(a). Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975). The burden applies as well to the addition to tax. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Furthermore, a taxpayer has no inherent right to deductions; rather, they are a matter of legislative grace. No justiciable error has been alleged in the petition with respect to respondent's determination of the deficiency and the addition to tax under section 6653(a)(1) and no facts in support of such error are set forth therein. The absence in the petition of specific justiciable allegations of error and of supporting facts compels this Court to grant respondent's motion to that extent. See Klein v. Commissioner,45 T.C. 308 (1965); Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,29 T.C. 142 (1957). We note that petitioner did not file a response *307 to the notice of filing of respondent's motion for summary judgment which was served on petitioner on March 7, 1984. This notice provided petitioner an opportunity to object and file a notice of objection by March 27, 1984. Thus, although provided an opportunity to explain or amplify his position, petitioner has chosen not to respond. [8]
Based on the foregoing, respondent's Motion for Summary Judgment will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. SEC. 7609. SPECIAL PROCEDURES FOR THIRD-PARTY SUMMONSES. (a) Notice. - (1) In General. - if-- (A) any summons described in subsection (c) is served on any person who is a third-party record-keeper, and (B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 14th day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain directions for staying compliance with the summons under subsection (b)(2). * * * (b) Right to Intervene; Right to Stay Compliance.- (1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604. (2) Right to stay compliance.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to stay compliance with the summons if, not later than the 14th day after the day such notice is given in the manner provided in subsection (a)(2)- (A) notice in writing is given to the person summoned not to comply with the summons, and (B) a copy of such notice not to to comply with the summons is mailed by registered or certified mail to such person and to such office as the Secretary may direct in the notice referred to in subsection (a)(1). ↩
4. The Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 331, 1982-2 C.B. 462↩, 571 amended some of these provisions. The amendments apply with respect to summonses initially served after Dec. 31, 1982. Since the summons in this case was served prior to that date, the section as cited herein is effective. 5. Prior to Amendment by the Tax Equity and Fiscal Responsibility Act of 1982, supra.↩
6. See Fed. R. App. P. 4(a)(1)↩.
7. See Edwards v. Commissioner,T.C. Memo. 1981-669↩.
8. Abramo v. Commissioner,78 T.C. 154, 163↩ (1982).