TED W. DAGGETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Daggett v. Commissioner
Docket No. 7681-84.
United States Tax Court
T.C. Memo 1985-126; 1985 Tax Ct. Memo LEXIS 510; 49 T.C.M. (CCH) 999; T.C.M. (RIA) 85126; March 21, 1985. Ted W. Daggett, pro se. Leonard A. Hammes, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief may be granted, and for damages under section 6673. [1]
By notice of deficiency dated January 6, 1984, respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6654
1977
$1,740
$435
$87
$18
1978
3,066
767
153
30
1979
1,302
326
65
23
1980
24,759
6,190
1,238
482
*511 Because petitioner had failed to file any documents purporting to be Federal income tax returns for the years in issue, respondent had independently determined petitioner's income, deductions, credits and other items. In the notice of deficiency, respondent set forth in detail the basis for his computations of petitioner's tax liability for the years in issue.[2]
Petitioner, Ted W. Daggett, resided in Mitchell, Nebr., when he timely filed his petition herein on March 23, 1984 (such document is referred to herein as the "original petition"). Petitioner did not file a designation of place of trial as prescribed by Rule 140(a). On May 10, 1984, respondent filed, in lieu *512 of an answer, the present motion to dismiss for failure to state a claim upon which relief may be granted, and for damages under section 6673. Pursuant to Rule 140(a), respondent also filed at that time a designation of place of trial at Omaha, Nebr. Petitioner thereafter filed his objections to respondent's motion. On June 19, 1984, after consideration of respondent's motion and petitioner's objections thereto, the Court determined that the original petition was not in conformity with Rule 34(b), and accordingly, ordered that petitioner file a proper amended petition setting forth clear and concise statements of each and every error committed by respondent in the determination of the deficiencies and additions to tax in dispute, and the specific facts on which petitioner based the assignments of error. On July 9, 1984, petitioner filed his amended petition (herein the "amended petition"), which provides in relevant part as follows: 5. The determination of the tax set forth in such Notice of Deficiency is based upon the following errors: a. The determination that Petitioner received income in the amount of $30,867.00 is in error; b. The determination of negligence is *513 in error; c. The determination of failure to file is in error; d. The determination of the underpayment of the estimated tax is in error; e. The procedures followed by the Respondent concerning deficiencies are in error; f. The procedures followed by the Respondent concerning penalties are in error; g. The negligent [sic] penalties in the amount assessed is [sic] in error; h. The failure to file penalties in the amount assessed is [sic] in error; i. The underpayment penalties in the amount assessed is [sic] in error. 6. The facts upon which Petitioner relies on the basis of his case are as follows: a. Petitioner did not receive income in the amount of $30,867.00 for the years in question; b. The Respondent failed to notify Petitioner of any specific duties/requirements, requiring Petitioner to perform.Therefore, there cannot be negligence on the part of the Petitioner. c. No determination has been made that Petitioner had an amount of statutory income that would require him to file, nor has there been a liability assessed against the Petitioner. Where there has been no liability assessed, there cannot be a requirement to file; d. Respondent *514 failed to notify Petitioner of any tax liability. Therefore, there cannot be an underpayment of any tax due and owing, as there has not been a liability for a tax due and owing; e. The Respondent has no basis for his notice of deficiency, since there was [sic] no inquiries, determinations, and/or assessment of any tax imposed by the Internal Revenue Code; f. The Petitioner has the First Amendment right to Petition for a redress of grievance, as well as a statutory right to redress his grievance. In this case to have the alleged deficiency redetermined. Respondent's motion was still pending after the filing of the amended petition, and accordingly, a hearing thereon was scheduled and held in Washington, D.C. on August 29, 1984. [3] Petitioner neither appeared at that hearing nor filed a written statement in lueu of appearance pursuant to Rule 50(c). In its discretion, the Court decided at that time to continue the case and to hold a further hearing in Omaha, Nebr., to afford petitioner the opportunity to be heard. Accordingly, on October 5, 1984, the parties were notified that a further hearing on respondent's motion would be held on December 17, 1984, at this Court's Omaha, *515 Nebraska trial session. On December 10, 1984, one week prior to the scheduled hearing date, petitioner filed a "Motion to Change Venue" from Omaha, Nebraska, to Denver, Colorado. At the December 17, 1984 hearing, at which petitioner and respondent's counsel were present, the Court denied petitioner's motion and took respondent's motion under advisement. Rule 34(b) provides, in relevant part, that the petition in a deficiency action shall contain clear and concise statements of each and every error which the petitioner alleges to have been committed by the respondent in the determination of the deficiency or liability, and clear and concise lettered statements of the facts on which petitioner bases the assignments of error. In moving to dismiss this case, respondent argues that the amended petition does not comply with the requirements of Rule 34(b) because it fails to allege justiciable *516 facts or assignments of error. After consideration of the amended petition, we agree with respondent. In paragraph 5 of the amended petition, petitioner purports to set forth the errors committed by respondent in making his determination herein. The only portion of paragraph 5 which is arguably a specific assignment of error is the assertion in subparagraph 5(a) that respondent erred in determining that petitioner "received income in the amount of $30,867.00." In this case, however, respondent did not determine that petitioner received income of $30,867.00, but rather, that there is an aggregate deficiency of $30,867.00 in petitioner's Federal income taxes for the years in issue. We therefore interpret subparagraph 5(a) of the amended petition to allege that respondent's determination herein of deficiencies in the amount of $30,867.00 is erroneous. However, such a conclusory allegation is insufficient to satisfy the provisions of Rule 34(b), which require that petitioner set forth clearly and concisely each and every error alleged to have been committed by respondent. Cf. Weinstein v. Commissioner,29 T.C. 142, 143 (1957). In our view, the remaining statements *517 in paragraph 5 of the amended petition similarly fail to satisfy this Rule since, in effect, they merely comprise a single conclusory allegation that respondent's determination of the deficiencies and additions to tax herein is erroneous. To merely allege, without more, that respondent's determination is erroneous simply does not satisfy the provisions of Rule 34(b). This is particularly true where, as here, respondent specifically set forth in his notice of deficiency the basis for his determination, giving petitioner the opportunity to allege specific errors, if any, committed by respondent. As noted above, Rule 34(b) requires that the petition contain clear and concise statements of the facts upon which petitioner bases the assignments of error. We have already found that the petition fails to set forth specific assignments of error. We find that it also fails to set forth any facts which would indicate that respondent's determination herein is erroneous. Paragraph 6 of the amended petition contains only petitioner's legal conclusions concerning his tax liability, rather than factual allegations to dispute the determination made by respondent and described in detail in the *518 notice of deficiency. [4] Petitioner cannot refuse to disclose in his petition the facts supporting his objections to respondent's income adjustments if he expects to contest the correctness of the deficiencies asserted. Cf. Klein v. Commissioner,45 T.C. 308, 310 (1965). Based upon the record herein, we conclude that the amended petition fails to comply with the requirements of Rule 34(b). As this Court has previously noted, our rules require full - rather than incomplete, fragmentary or vague - pleadings by the parties. See Klein v. Commissioner,supra at 311 and cases cited therein. The absence in the amended petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rules 34(a), 123(b); cf. Klein v. Commissioner,supra; *519 Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,supra. Accordingly, so much of respondent's motion as seeks dismissal of this case is hereby granted. We turn now to that portion of respondent's motion relating to Section 6673, which provides that the Court may award damages to the United States of up to $5,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless. For the following reasons, we conclude that this proceeding was instituted and maintained primarily for delay. In January 1984, petitioner filed the original petition, which was not in conformity with our rules of pleading. He was informed by the instant motion, filed on May 10, 1984, that respondent was seeking damages under section 6673. In June 1984, petitioner was ordered to file a proper amended petition setting forth specific assignments of error and supporting facts in conformity with Rule 34(b). However, as we have held, the amended petition failed to comply with this Rule.Petitioner was aware, perhaps as early as May 10, 1984, and *520 in any event, no later than October 5, 1984, that the place of trial designated herein was Omaha, Nebr. Nevertheless, he waited until December 10, 1984, one week prior to the hearing on respondent's motion scheduled in that city, to file a motion to change venue to Denver, Colorado, a motion we consider to have been dilatory and which we accordingly denied. [5] Moreover, at the hearing on respondent's motion, petitioner declined to present any facts concerning his income tax liability for the years in issue. In light of petitioner's tactics and consistent refusal to address the merits, we conclude that this action was instituted and maintained primarily for delay. Accordingly, we hereby award damages to the United States pursuant to section 6673 in the amount of $1,000. *521 To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For example, respondent determined that petitioner was engaged in farming during the years in issue. Accordingly, in the notice of deficiency, respondent determined petitioner's gross receipts from farming and deducted therefrom substantial amounts as "cost of cattle" and "Schedule F Expenses" (including depreciation) to arrive at "Schedule F net income". Respondent also allowed petitioner certain excess itemized deductions for 1977, 1978 and 1979, and an investment tax credit for 1977, 1979 and 1980.↩
3. Where, as here, petitioner files an amended petition subsequent to respondent's filing of a motion to dismiss for failure to state a claim, the Court may consider respondent's motion as it pertains to the amended petition. See Derksen v. Commissioner,↩ 84 T.C.     (Mar. 7, 1985)
4. As noted above, respondent did not determine that petitioner had received income in the amount of $30,867.00 for the years in issue. Accordingly, we consider the factual allegation that petitioner "did not receive income in the amount of $30,867.00" contained in subparagraph 6(a) of the amended petition, to be irrelevant herein.↩
5. At the December 17, 1984 hearing, at which we considered his motion to change venue, petitioner asserted that he sought to have this case moved to Denver, Colorado, because he had retained the services of Cecil Arthur Hartman, an attorney in that city. At the time of petitioner's motion, however, Mr. Hartman was, by order of this Court dated September 14, 1984, under a six-month suspension from practice before this Court for having filed frivolous pleadings in several cases.↩