ERNEST E. CROSBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crosby v. Commissioner
Docket Nos. 27469-88; 27470-88.
United States Tax Court
T.C. Memo 1989-271; 1989 Tax Ct. Memo LEXIS 271; 57 T.C.M. (CCH) 647; T.C.M. (RIA) 89271; June 7, 1989. Dale A. Zusi, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) of the Internal Revenue Code of 1986 and Rules 180 and 181. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set *272 forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: These cases are before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed in each case on December 5, 1988. In each motion, respondent also moved for an award of damages pursuant to section 6673. These cases have been consolidated for purposes of opinion only. In two notices of deficiency, each dated August 5, 1988, one for the taxable year 1984 and the other for the taxable year 1985, respondent determined deficiencies in and additions to petitioner's Federal income taxes for the years and in the amounts as follows: Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654(a)
1984
$ 2,965
$   632.75
$ 148.25
*
$ 152.33
1985
7,827
1,956.75
391.35
*
448.52
*273 The primary adjustment in each notice of deficiency was the inclusion of income not reported by petitioner. Petitioner filed timely petitions on October 20, 1988 for each taxable year. In each petition, however, petitioner's only claims are those which have been described by this and other courts as "tax protester arguments." More specifically, petitioner maintains he has a Fifth Amendment privilege against self-incrimination in that he ". . . has a real and true fear that if he supplies the information requested [by respondent] that it may be used to incriminate him at some time in the future of a crime involving NON TAX MATTERS." Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiencies and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. No justiciable error has been alleged in the petitions filed by petitioner. By Order dated April 7, 1989, we provided petitioner *274 an opportunity to file amended petitions which would comply with Rules 34(b)(4) and (5). The Court admonished petitioner that the allegations contained in his petitions have been rejected outright by the courts, and we cited several cases in which arguments similar to petitioner's have failed. Petitioner, however, has chosen not to file amended petitions. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson,355 U.S. 41, 45-46 (1957); Price v. Moody,677 F.2d 676, 677 (8th Cir. 1982). The determinations made by respondent in his notices of deficiency are presumed correct. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner,78 T.C. 646 (1982); Gordon v. Commissioner,73 T.C. 736, 739 (1980). *275 Because petitioner has not raised any justiciable facts or issues in his petition, we grant respondent's motions to dismiss. See Klein v. Commissioner,45 T.C. 308 (1965); Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,29 T.C. 142 (1957). With respect to respondent's motion for an award of damages, section 6673 provides, in pertinent part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, * * * damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * The record in this case establishes that petitioner had no interest in disputing either the deficiencies or the additions to tax determined by respondent. Instead, petitioner has raised only the tired, discredited arguments which are characteristic of tax protester rhetoric. His failure to respond properly to respondent's Motions To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, coupled with his failure *276 to comply with this Court's Order of April 7, 1989, convinces us that these proceedings were instituted primarily for delay. We also find petitioner's position both frivolous and groundless. Accordingly, we award damages to the United States in the amount of $ 2,500 in each case. Coulter v. Commissioner,82 T.C. 580 (1984); Abrams v. Commissioner,82 T.C. 403 (1984). An appropriate order of dismissal and decision will be entered in each case.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations.↩