ROBERT A. PFLUGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pfluger v. Commissioner
Docket No. 24327-90
United States Tax Court
T.C. Memo 1991-244; 1991 Tax Ct. Memo LEXIS 273; 61 T.C.M. (CCH) 2770; T.C.M. (RIA) 91244; June 3, 1991, Filed *273 An appropriate order of dismissal and decision will be entered. Robert A. Pfluger, pro se. William T. Derick, for the respondent. DAWSON, Judge. GOLDBERG, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) and Rules 180 and 181. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For Damages Under I.R.C. § 6673, now called a penalty. The motion was calendared for hearing in Chicago, Illinois, on February 27, 1991. When this case was called from the calendar, the parties appeared and were heard. In a notice of deficiency *274 sent to petitioner on July 31, 1990, respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Taxable
Additions to Tax, Sections
Year
Deficiency
6651(a)
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 9,684
$ 2,421
$ 484
* 1987
3,631
908
182
* 1988
4,267
1,067
N/A
N/A
Taxable
Additions to Tax, Sections
Year
6653(a)(1)
6654
6661
1986
N/A
$ 468
$ 2,421
1987
N/A
197
N/A 1988
$ 213 273
N/A On October 26, 1990, petitioner filed a document entitled "Petition and Demand for Declaratory Judgement" which was filed by the Court as a petition. The only claim contained in the petition is that the income tax has become a societal "levelling" device between rich and poor which is an unconstitutional redistribution of wealth. In support of this contention, petitioner relies on the dissent *275 in Douglas v. California, 372 U.S. 353, 361, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963), a case involving the right of an indigent to have appointed counsel on appeal of a state criminal conviction, and the following statement from William Vincent Wells, The Life and Public Service of Samuel Adams 154 (1866): The utopian schemes of levelling, and a community of goods, are as visionary and impracticable as those which vest all property in the Crown are arbitrary, despotic, and, in our government, unconstitutional.
Petitioner has previously appeared before this Court twice. In Pfluger v. Commissioner, T.C. Memo 1986-78, he sought a redetermination of a deficiency of $ 42,762 in his 1980 Federal income tax and an addition to tax of $ 2,138 under section 6653(a). Petitioner made his "levelling" argument and we rejected it as wholly without merit. He also claimed that his family trust should be recognized for income tax purposes which we refused to do. In affirming our opinion, the United States Court of Appeals for the Seventh Circuit described petitioner as a dentist who had become disillusioned with the Federal income tax system, and, who after researching the matter, *276 concluded that the Federal income tax was an unconstitutional "levelling device." Pfluger v. Commissioner, 840 F.2d 1379 (7th Cir. 1988). The Court noted in footnote 2 that the Tax Court rejected this argument and petitioner wisely chose not to challenge that determination on appeal. Pfluger v. Commissioner, supra at 1380. The next time petitioner came before this Court was in Robert A. Pfluger, Petitioner v. Commissioner of Internal Revenue, Respondent, at docket No. 30622-89. In that case he sought a redetermination of deficiencies in Federal income tax and additions to tax as follows: Taxable
Additions to Tax, Sections
Year Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654(a)
6661(a)
1983
$ 31,522
$ 7,484
$ 1,576.10
*
N/A $ 7,464
1984
21,885
3,786
1,094.25
*
$ 1,109
3,786
1985
23,935
5,089
1,196.75
*
1,372
5,089
Like this case, *277 respondent filed a motion to dismiss for failure to state a claim and for a penalty pursuant to section 6673. The motion was heard in Washington, D.C. and in our oral findings of fact and opinion rendered July 11, 1990, we categorized petitioner as making various "tax protester" arguments which have been rejected by this and other courts. We granted respondent's motion, and in our Order of Dismissal and Decision entered July 26, 1990, required petitioner to pay a penalty in the amount of $ 15,000 to the United States. On October 9, 1990, petitioner filed an appeal with the United States Court of Appeals for the Seventh Circuit from our Order of Dismissal and Decision. The appeal is pending. Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. No justiciable error has been alleged in the petition filed by petitioner. *278 Again, and unwisely, petitioner raises his discredited "levelling" argument. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). The determinations made by respondent in his notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). In addition, any issue not raised in the pleadings is deemed conceded. Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980); Rule 34(b)(4). Because petitioner has not raised any justiciable facts or issues in his petition, we will grant respondent's motion to dismiss. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); *279 Weinstein v. Commissioner, 29 T.C. 142 (1957). Finally, we turn to the portion of respondent's motion that moves for a penalty pursuant to section 6673(a)(1), which provides in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner instituted and maintained this proceeding primarily for delay. At the time he filed his petition in this case on October 26, 1990, he had twice appeared before us and was well aware that his "levelling" argument was discredited and rejected by this Court and the Seventh Circuit. The purpose of section 6673 "is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate. A petition to the Tax Court * * * is frivolous if it is contrary to established *280 law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Based upon established law, petitioner's position is both frivolous and groundless. Because we find that this proceeding has been instituted and maintained by petitioner primarily for delay and that his position is both frivolous and groundless, respondent's motion will be granted in this respect. Therefore, we require petitioner to pay to the United States a penalty of $ 10,000. By now petitioner should realize the futility of initiating senseless and meritless litigation in this Court. To reflect the foregoing, An appropriate order of dismissal and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence.↩