**KATZ v. COMMISSIONER OF INTERNAL REVENUE.**

No. 13, Docket 21585.

United States Court of Appeals Second Circuit.

Argued April 3, 1951.

Decided May 7, 1951.

Louis Katz, New York City, for petitioner.

Theron L. Caudle, Washington, D. C., George D. Webster, Washington, D. C., Ellis N. Slack, Sp. Asst. to Atty. Gen., for respondent.

Before L. HAND, Chief Judge and AUGUSTUS N. HAND and CLARK, Circuit Judges.

L. HAND, Chief Judge.

Sam Katz, the taxpayer, brings up for review an order of the Tax Court, dismissing his petition in that court to review two assessments of deficiencies in his income tax: one in 1944, the other in 1945. We shall consider them in the order of their priority.

### The Deficiency of 1944.

The Commissioner assessed the deficiency against Katz for 1944 on the basis of an understatement of his income from his business as a retail butcher in Brooklyn, to which he added a penalty of fifty per cent, on the ground that the return had been made with a fraudulent intent to evade the tax.[1] Only the penalty is in issue on this

1. § 293, Title 26, U.S.C.

appeal. The facts were as follows. Katz returned a gross income of $6,447.50, but in 1947, upon being required to do so, he submitted a statement which showed that on December 31, 1944, his assets had been $18,656.83, while on December 31, 1945, they were $30,851.59. (Mortgages, which had not appeared among the assets in 1943, accounted for $11,750 of the increase.) Among his liabilities on the statement were loans of $4,000 from his son, which, to the extent of $3,000, an examining "agent" of the Commissioner did not accept. The "agent" assessed an income against him of $14,615.77, made up of the difference between the net worth at the end of the year and at the beginning of the year, of premiums paid for life insurance, and of an estimate of the putative "family expenses," based upon the agent's "experience of a family of that size." These facts were brought out at the hearing in the Tax Court, and the judge found that they supported the affirmative finding of fraud. There was no evidence in opposition because Katz's lawyer, although present at the hearing, refused to take any part in it, and "removed himself" from the case because the judge had refused to allow a continuance as to the tax for 1945 for reasons that will appear.

■ Katz's argument upon the issue of fraud is that the evidence was incompetent and insufficient. Neither is true. The statements of Katz's assets he himself acknowledged to be true; the "agent's" estimate of the probable expenses of such a family was indeed only an opinion; but he testified that he had been employed for over three years as such an "agent"; and it was entirely possible that he had acquired enough familiarity with the incomes of families, of about the same size and financial standing as Katz's, to have a reliable opinion. Upon the cross-examination which Katz's lawyer refused to make, he might indeed have been shown not to have been qualified; but on its face his testimony was admissible. Again, although the "agent" deducted from the assets only $1,000 of the $4,000 which Katz's state-

ment had declared that his son lent him in that year, that was because upon inquiry Katz had offered no confirmation of more than $1,000. That also was a declaration of Katz; and in the absence of any answering testimony or of cross-examination, we cannot say that it may not have justified the "agent's" incredulity. We shall not decide whether the Commissioner was obliged to prove the issue of fraud by competent evidence, because, as we have just said, all the evidence was in fact competent. We note that Rule 29 of the Rules of Practice of the Tax Court[2] provides that upon unexcused absence of a party or his counsel, "The hearing will proceed and the case will be regarded as submitted on the part of the absent party". However, the law is not uniform as to admissibility of only competent evidence against a defaulting party; and whether Rule 31(g) extends to that question we leave to the Tax Court. On no view may a party absent himself and later insist that evidence introduced, though competent, material and "substantial," was not sufficiently persuasive.

### The Deficiency of 1945.

■ At a hearing in New York on February 7, 1949, the judge dismissed Katz's petition to review the assessment for 1945, after refusing to grant a continuance to his attorney who had appeared on that day. It was this refusal which the attorney gave as his reason for withdrawing, not only from the hearing on the 1945 assessment, but on that for 1944. (On no theory could this refusal justify such action as to 1944.) The petition had been filed on May 3, 1948, and had been set down in August for a hearing in New York on November 15, 1948. On that day Katz's attorney appeared and filed a doctor's certificate that Katz was ill, upon which the judge then present granted a continuance until November 29th; but neither on that day nor on the 30th did anyone appear, and the petition was dismissed for failure to prosecute. On January 12, 1949, Katz's attorney moved —this time in Washington—to set aside the order of dismissal, which another judge

2. Rule 29, Title 26, U.S.C. § 1111.

granted, saying that he understood that no continuance beyond February 7th would be asked for—that being the day to which the hearing on the 1944 assessment had been adjourned. On February 3d, in New York, Katz's attorney again appeared, and for the first time spoke of a witness, named Kranis, whom he wished to call but who was then ill; and for that reason he asked for a still further continuance. This motion was adjourned to February 7th when it was renewed, accompanied by neither an affidavit nor a doctor's certificate, though supported by the testimony of one, Fierson, Kranis' partner, who did testify that he had seen Kranis on several recent week-ends, that Kranis had been ill, and had telephoned him the day before that he still was ill. On this showing the judge dismissed the petition after denying the continuance.

The supposed relevancy of Kranis' testimony was this: he had been the attorney for a butchers' cooperative, of which Katz was a member, and to which Katz had made substantial payments during 1945. Katz's position was that he was entitled to deduct these payments from his receipts because, although they were for purchases of meat at unlawful prices above the "ceiling," they were nevertheless deductible. The Commissioner's position was that they were either loans to the cooperative, or purchases of shares in it. Katz urged that, since Kranis knew all the affairs of the cooperative better than anyone else, it was impossible for him to make his case without Kranis' testimony. We cannot of course know that the illness of Kranis was a fabrication, but the sequence of earlier steps showed a disposition to evade any trial which threw great doubt upon this further excuse. Katz's illness had been the ground for the first continuance at a time when no mention was made of Kranis. The petition had been allowed to go by default and had been reopened; and there was no doctor's certificate for Kranis, as there had been for Katz. Surely the judge was justified in concluding that this was only one more evidence of a plan going back at least to November to avoid any hearing. There must come a time when even at some risk of error, a court is justified in ac-

cepting as conclusive a series of apparent subterfuges. Katz finally argues that the judge made no finding on this issue; and to it there are two answers: (1) the Rules do not apply to proceedings in the Tax Court; (2) Fed.Rules Civ.Proc. rule 52(a), 28 U.S. C.A. does not apply to denials or grants of continuances.

Order affirmed.